
EXHIBIT A

| | |
|---|---|
| **DISTRICT COURT, BOULDER COUNTY STATE OF COLORADO**<br><br>**Court Address:**<br>**1777 6th Street**<br>**Boulder, CO  80020** | DATE FILED: January 10, 2018 3:50 PM<br>FILING ID: BFF465C6AA0D9<br>CASE NUMBER: 2018CV30035<br><br>▲COURT USE ONLY▲ |
| **RICHARD CHAUSSART and CYNTHIA CHAUSSART**<br>    Plaintiff,<br><br>v.<br><br>**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., AMERICAN FAMILY MUTUAL INSURANCE COMPANY and THE PRINCETON EXPRESS AND SURPLUS LINES INSURANCE COMPANY**<br><br>   Defendants. | Case Number: _____<br><br>Div.: ___ |
| Attorneys for Plaintiffs:<br>John G. Taussig, III, Req. No. 13496<br>Scott D. Smith, Reg. No.: 35009<br>Taussig & Smith, P.C.<br>5377 Manhattan Circle, Suite 203<br>Boulder, CO 80303<br>(303) 443-2700<br>Fax: (303) 448-9600<br>Email: jt@taussigsmith.com, scott@taussigsmith.com | |
| **COMPLAINT AND JURY DEMAND** ||

Richard Chaussart and Cynthia Chaussart ("Plaintiffs"), by and through counsel, Taussig & Smith, P.C., submits the following Complaint and Jury Demand.  In support thereof, Plaintiffs state and allege as follows:

### GENERAL ALLEGATIONS

1. At all times complained of herein, Plaintiffs are and were residents of Colorado.

2. At all times relevant to this Complaint Defendants American Family Mutual Insurance Company and/or American Family Mutual Insurance Company, S.I. (which will

1

hereinafter be referred to in the singular as "American Family") is and was a foreign insurance company licensed to do business in Colorado. Defendant is a non-resident of this state.

     3.     At all times relevant to this Complaint Defendant The Princeton Express (Princeton) is and was a foreign insurance company. Defendant is a non-resident of this state.

     4.     At all times relevant to this Complaint, Defendant Surplus Lines Insurance Company (Surplus) is and was a foreign insurance company. Defendant is a non-resident of this state.

     5.     Venue is proper in this Court pursuant to C.R.C.P. Rule 98(c).

     6.     At all times relevant hereto, Defendants were subject to the following insurance industry standards:

    a. Defendants must proactively investigate all of their policyholder's damages.

    b. Defendants must objectively consider all evidence available to them after conducting a thorough investigation and decide claims based on policy language, and the applicable law.

    c. Defendants must keep their policyholders advised of what coverages are available for underinsured motorist claims.

    d. Defendants must assist their policyholders with claims under the policy.

    e. Defendants must be honest with their policyholders.

    f. Defendants must equally seek information that supports increasing and decreasing the value of their insured's claims.

    g. Defendants must not conduct a biased one-sided investigation.

    h. Defendants have a duty to be fair to their insured at all times.

    i. Defendants may not deny, under-pay or refuse to pay claims based solely on a guess or speculation.

    j. Defendants cannot encourage their claims handling personnel to pay as little as possible on underinsured motorist claims.

    k. It would be wrong for Defendants to encourage their claims personnel to underpay claims.

    l. As part of the process of handling underinsured motorist claims, Defendants may not try to settle the claim with their policyholders for an unreasonably low amount.

  m. It would be unreasonable for Defendants to pay their policyholders something which is less than the lowest potential value of the claim.

  n. Defendants must pay any amounts they has determined to be recoverable for an underinsured motorist claim as part of their duty to assist with the processing of claims.

  o. Defendants should continue to evaluate and investigate all facts of an underinsured motorist claim even if a lawsuit is filed by the policyholder against Defendants.

  p. Everything that happens regarding an underinsured motorist claim should be reflected in Defendants' claim notes.

  q. Defendants must not rely on biased expert reports or a biased expert.

  r. Defendants should not in any manner tie any claim personnel compensation with insurer profitability based on delay or denial of claims.

  s. Defendants should not use their claims department as a profit center.

  t. Insurers may not insist on conditions that are not in the insurance policy before paying claims.

  u. Insurers may not violate the Unfair Claim Settlement Practices Act.

  7. On or about January 8, 2015, at the approximate location of 27th Way and Baseline Road, in the City and County of Boulder, Nicole Westdal, negligently and carelessly operated a motor vehicle so as to hit the rear of an automobile of which the Plaintiff Richard Chaussart was the driver. As a result of this impact, Plaintiff suffered damages, harms and losses.

  8. As a direct and proximate result of the negligence and carelessness of Ms. Westdal, Plaintiff Richard Chaussart suffered personal injuries including, but not limited to, his neck and headaches. Additionally, Plaintiff has suffered emotional distress and loss of enjoyment of life.

  9. As a further direct and proximate result of the negligence of Ms. Westdal, Plaintiff has had to obtain the services of and incur expenses for medical treatment, such treatment including the cost of doctors, hospitals, physical therapy, prescriptions, and other medical personnel and expenses. Further, as a result of the injuries to his cervical spine he suffered in the accident, Plaintiff had to undergo a cervical rhizotomy in August 2015.

  11. As a result of the negligence of Ms. Westdal and the collision, Plaintiff has incurred and will in the future incur expenses for medical treatment.

  12. Since the collision, Plaintiff has suffered lost wages and a loss of earning capacity, and will in the future continue to incur such losses.

  13. Plaintiff Richard Chaussart has also suffered physical impairment.

14. With the consent of the underinsured motorist carriers, Plaintiff Richard Chaussart settled his claim against Ms. Westdal for a payment in the amount of $250,000.00. He did not receive payment of the settlement amount until January 11, 2017.

15. Ms. Westdal had a liability policy limit of $250,000.00.

16. This collision occurred January 8, 2015, and by the time it gets to trial, the claim will have accrued at least 4 years of interest, increasing the damages Plaintiffs are entitled to recover by at least 40%.

17. At all times relevant hereto, Ms. Westdal had a duty to exercise reasonable care in the operation of her motor vehicle upon the public roadways of the State of Colorado.

18. Ms. Westdal breached her duty by negligently crashing into the vehicle Plaintiff Richard Chaussart was driving. Ms. Westdal's carelessness and recklessness resulted in the collision with Plaintiff.

19. Defendants have not paid the damages which Mr. Chaussart is entitled to recover as underinsured motorist benefits as an insured under the insurance contract with Defendants, despite numerous requests for payment.

20. Plaintiffs through counsel submitted all relevant reports, medical records and other items requested by Defendants in support of Plaintiff's request for underinsured motorist benefits.

21. In addition to all of the above, Plaintiff has suffered physical impairment and is unable to perform many of the activities that he was able to do in the past.

22. Despite the provision of all necessary records and information to Defendants, they have wrongfully denied Plaintiffs' claim for underinsured motorist benefits.

23. There was no comparative negligence or fault on the part of Mr. Chaussart.

24. Mr. Chaussart has not failed to mitigate any of the damages which he suffered in this incident as a result of the negligent conduct of the underinsured motorist.

25. The negligence of a third party over whom Plaintiff had no control was not a factor in causing or contributing to the collision in question.

26. Defendants are not entitled to any of the protections afforded by C.R.S. §13-21-111.6 (Collateral Source) in connection with any claim made by Plaintiff in this action.

27. Weather conditions were not a factor in causing or contributing to the collision in question.

**FIRST CLAIM FOR RELIEF**
**(UIM CLAIM – BREACH OF CONTRACT)**

**Plaintiff Richard Chaussart against All Defendants**

28. Plaintiffs incorporate all previous allegations as if more fully set forth herein.

29. At all times relevant hereto, the underinsured motorist had a duty to exercise reasonable care in the operation of a motor vehicle upon the public roadways of the State of Colorado.

30. The underinsured motorist breached her duty by negligently driving her car into the rear of Plaintiff's vehicle while he was in it.

31. As a direct and proximate result of the negligence of the underinsured motorist, Plaintiff has been damaged.

32. At the time of the collision, Plaintiff was insured under one or more policies with Defendants that provided uninsured/underinsured motorist coverage.

33. The uninsured/underinsured motorist coverage under the Policy(ies) covered Plaintiff for damages Plaintiff is legally entitled to recover from Ms. Westdal but is unable to recover from the at fault party due to that driver being uninsured or underinsured.

34. Plaintiff would have recovered from Ms. Westdal for damages sustained in the collision, but her insurance was insufficient to cover all of Plaintiff's damages as described above and, therefore, Ms. Westdal was underinsured at the time of the collision.

35. Plaintiff submitted a request for benefits pursuant to the uninsured/underinsured motorist coverage under the Policy(ies) with Defendants.

36. In violation of the terms of the Policy, Defendants have refused to provide the benefits requested by Plaintiff.

37. Specifically, Defendants as Plaintiff's underinsured motorist carriers are responsible for Plaintiff's damages but have refused to pay any amount on Plaintiff's claim.

38. At all times relevant to this action, Plaintiff is and was a beneficiary of one or more underinsured motorist insurance policies with Defendants which were in full force and effect on the date of the collision complained of herein.

39. Plaintiff has complied with all conditions precedent to coverage under the insurance policies issued by Defendants to Plaintiff.

40. To the extent the Plaintiff has failed to comply with any of the contractual obligations, Defendants has not been prejudiced by the failure to comply.

41. At all times relevant to this action, Defendants owed to Plaintiff the implied duty of good faith and fair dealing under the contract of insurance.

42. Defendants have breached their contract by denying and delaying a reasonable payment of underinsured motorist benefits pursuant to the Policy(ies).

43. As a direct and proximate result of Defendants' breach of contract, Plaintiff has incurred damages as set forth herein.

### SECOND CLAIM FOR RELIEF
### (BREACH OF CONTRACT – UNDERINSURED MOTORIST BENEFITS / LOSS OF CONSORTIUM)
### Plaintiff Cynthia Chaussart against All Defendants

44. Plaintiffs incorporate all previous allegations as if more fully set forth herein.

45. At all relevant times herein, Plaintiff Richard Chaussart and Plaintiff Cynthia Chaussart were married.

46. As a result of the injuries to Mr. Chaussart caused by Nicole Westdal, Plaintiff Cynthia Chaussart has suffered harms, losses, and impairment to the marital relationship including, but not limited to, loss of companionship and loss of household services that are compensable under Colorado law.

47. Plaintiffs have complied with all conditions precedent to coverage under the insurance policies issued by Defendants for which Ms. Chaussart is an insured.

48. To the extent that Ms. Chaussart has failed to comply with any of the contractual obligations, Defendants have not been prejudiced by the failure to comply.

49. At all times relevant to this action, Defendants owed to Ms. Chaussart the implied duty of good faith and fair dealing in the insurance contract.

50. Defendants have breached their contract with Ms. Chaussart by denying the payment of underinsured motorist benefits under the policy.

51. As a direct and approximate result of Defendants' breach of contract, Plaintiffs have incurred damages in the amount to be proved at the time of trial.

### THIRD CLAIM FOR RELIEF
### (Bad Faith Breach of an Insurance Claim)

52. Plaintiffs incorporate all previous allegations as if more fully set forth herein.

53. As providers of insurance services to the public, Defendants at all times had a duty to act with good faith and fair dealing in everything pertaining thereto, abstain from deceptive or

misleading practices and keep, observe, and practice the principles of law and equity in all matters pertaining to the business of insurance.

54. Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith and deal fairly with their insureds.

55. Pursuant to its implied duty of good faith and fair dealing, Defendants owed to Plaintiffs certain duties which they breached by:

    a. Failing to give equal consideration to the interests of Plaintiffs, their insureds as they give to their own interests;

    b. When investigating Plaintiffs' claims, failing to diligently search for evidence which supported its insureds' claims;

    c. Seeking to discover only evidence that defeated its insureds' (Plaintiffs') claims;

    d. Unreasonably delaying and/or denying benefits under the insurance policy without a reasonable basis for delaying and/or denying benefits, with knowledge or reckless disregard of, a lack of reasonable basis for delaying and/or denying benefits;

    e. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;

    f. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    g. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims after its liability has become reasonably clear;

    h. Compelling Plaintiffs to institute litigation to recover amounts due under the insurance policies by offering substantially less than the amounts Plaintiffs are entitled to recover;

    i. Forcing Plaintiffs into the costly and lengthy process of litigation;

    j. Any further acts which may be discovered.

56. Defendants' aforesaid conduct was unreasonable and Defendants either knew such conduct was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

57. As a direct and proximate result of Defendants' breach of their duty of good faith and fair dealing, Plaintiffs have sustained damages in an amount to be proved at the time of trial.

## FOURTH CLAIM FOR RELIEF
### (Violation of C.R.S. §10-3-1115(1)(A) and C.R.S. §10-3-1116(1))

58. Plaintiffs incorporate all previous allegations as if more fully set forth herein.

59. Defendants' denial and delay of Plaintiffs' claim for underinsured motorist benefits is and was unreasonable.

60. Pursuant to C.R.S. §10-3-1116(1), Plaintiffs are entitled to reasonable attorney's fees, costs and two times the covered benefit.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment)

61. Plaintiffs reallege and incorporate by reference the preceding paragraphs of this Complaint as if set forth in full herein.

62. This is a claim for declaratory relief pursuant to Colo. R. Civ. P. 57 and C.R.S. §§ 13-51-101, et seq., the Uniform Declaratory Judgments Act.

63. Defendants have wrongfully denied underinsured motorist coverage under their policies under which Plaintiffs are insured.

64. Plaintiffs seek a declaration of the rights and obligations of the parties to this action under the Policy.

65. Entry of a judgment by the Court declaring the rights and obligations of the parties would end the uncertainty, insecurity, and controversy with respect to the rights, status, or other legal relations between and among all of the interested parties and promote the timely resolution of the remaining claims and the interests of justice.

66. For these and other reasons, the Plaintiffs ask the court to declare that American Family´s corporate practice / policy is unenforceable and violates Colorado public policy, and for such other and further relief as may be appropriate under the law, including money damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs have suffered injuries, harms and losses as a result of Defendants' acts. Plaintiffs respectfully ask that judgment enter against the Defendants and in favor of Plaintiffs in an amount to be determined at trial; including compensation for:

a. Non-economic losses incurred to the present time, or which will probably be incurred in the future, including, but not limited to, pain and suffering, inconvenience, emotional stress, and impairment of the quality of life;

  b. Economic losses incurred to the present time, or which will probably be incurred in the future, including, but not limited to, loss of earnings or impairment of earning capacity, lost home services, and reasonable and necessary medical, hospital and other expenses;

  c. Physical Impairment;

  d. Disfigurement;

  e. Compensatory damages that Plaintiff is entitled to for bad faith, emotional distress, and any unpaid contractual benefits;

  f. Reasonable attorney's fees, costs and two times the covered benefit, pursuant to C.R.S. § 10-3-1116(1);

  g. Interest for wrongful withholding pursuant to C.R.S. 5-12-102; and

  h. Pre-judgment and post-judgment interest, costs, expert witness fees, and any other relief to which Plaintiff is entitled; and

  i. For such other and further relief as the Court deems just and proper.

Plaintiffs reserve the right to move to add exemplary damages pursuant to C.R.S. § 13-21-102.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

  **DATED** this 10th day of January, 2018.

            Respectfully submitted,

            */s/ Scott D. Smith*
            John G. Taussig, III, #13496
            Scott D. Smith, #35009
            ATTORNEYS FOR PLAINTIFFS

Plaintiffs' Address:
305 Coal Ridge Drive
Frederick, CO 80530